## HICKS-HOLLIS RIG BUILDING CO. et al.
## v. LOCKE et al.

No. 22647.   Opinion Filed June 7, 1932.

Hal Crouch and Philip N. Landa, for petitioners.

Anton Koch, for respondents.

KORNEGAY, J.   This is an original proceeding to review an award of the State Industrial Commission, which is as follows:

"Now, on this 12th day of June, 1931, the State Industrial Commission being regularly in session, the above-styled cause comes on for consideration pursuant to a hearing held at Henryetta, Okla., on May 16, 1931, before Inspector T. J. McConville, at which hearing claimant appeared in person and by his attorney, Anton Koch, and respondent and insurance carrier for Hicks-Hollis Rig Building Company appeared through H. M. Hicks and attorney, W. K. Johnson, I. T. I. O. appearing not.   The Commission, after reviewing the testimony taken at said hearing, inspecting the records on file in said cause, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"1.   That on and prior to August 15, 1930, claimant was in the employ of respondent, and engaged in a hazardous occupation as the same is defined by the Workmen's Compensation Laws of the state of Oklahoma, and that on said date sustained an accidental personal injury arising out of and in the course of his employment by having his hip wrenched while dismantling derrick.

"2.   That since August 25, 1930, claimant has been, and was at the date of the trial, May 16, 1931, physically unable to perform any manual labor, as a result of said accidental personal injury.

"3.   That the average daily wage of claimant at the date of the accident was $14 per day.

"4.   That claimant, at the date of said accidental personal injury, was employed by the Hicks-Hollis Rig Building Company.

"The Commission is of the opinion, from a consideration of the above facts, that claimant is entitled to compensation at the rate of $18 per week, dating from August 25, 1930, to May 16, 1931, the date of the trial, being 38 weeks and amounting to $684, and continued thereafter at the rate of $18 per week, until further order by the Commission, all medical bills incurred as a result of said accidental personal injury, and continued medical treatment if the same be needed.

"It is therefore ordered by the Commission, that within 15 days from date, the respondent, Hicks-Hollis Rig Building Company, or its insurance carrier, the Century Indemnity Company, pay to claimant the sum of $684 as above set forth, and continue to pay claimant the sum of $18 per week, dating from May 16, 1931, until further ordered by the Commission, pay all medical bills incurred as a result of said accidental personal injury, and continue medical treatment, if the same be needed.

"It is further ordered that within 30 days from date, respondent, Hicks-Hollis Rig Building Company, or its insurance carrier, the Century Indemnity Company, file with the Commission receipt or other proper report evidencing compliance with the terms of this order."

The evidence in the case shows a failure to give the written notice, but it also shows that the foreman knew of the accident.   It shows furthermore that there is a difference in the estimation of men between $14 a day and $18 a week.   The claimant had a fall with a weight on him sufficient to have produced most any kind of injury, and the evidence in the case indicates a disability resulting from the accident, though at the same time the evidence indicates that the claimant was continued on the payroll, though he claims not to have been able to work.   The presumption is that the pay he received was at the usual rate.

The accident occurred on the 13th of August, 1930, but the report of it was not made by the foreman to the company, though he evidently knew of the accident with its probable disability.   The record is silent as to how much the claimant earned after the accident, and there is considerable conflict in the various reports as to when the accident occurred.   Evidently, the employer, except constructively, was not notified, and when notified the date of the accident was at first given as October 1st instead of August 13th, an interim of some six weeks.

It is admitted in the case by the claim-

ant's attorney that the award is excessive, as it covers time for total disability that it is evident the claimant was drawing pay for. Complaint is made of the State Industrial Commission not making a formal order excusing the written notice. However, the evidence is here, and it is patent that the foreman of the employer knew of the accident. As to why he did not report it until later, we are not advised.

In view of the record, the award of the Commission is vacated, and the cause remanded to the Commission, with directions to take proof as to what the claimant earned after he was hurt, and to ascertain his physical condition, and to make an award according to its findings of fact, and in the event the award is in favor of the claimant, that due allowance be made for the money that he has received from his employer since the accident.

RILEY, HEFNER, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON and SWINDALL, JJ., absent.